**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
YANELI CORTES MORALES and GISEL
PAPALOTZI CORTES,

                Plaintiffs,

   -against-

MAC TEAM LLC, FREDDY CORDERO,
and FANNY GORDILLO,

               Defendants.
-----------------------------------------------------------X

24-cv-05016

**COMPLAINT**

Plaintiffs, YANELI CORTES MORALES ("Cortes Morales") and GISEL PAPALOTZI CORTES ("Papalotzi Cortes") (collectively, "Plaintiffs"), as and for their Complaint against Defendants, MAC TEAM LLC ("MAC Team"), FREDDY CORDERO ("Cordero"), and FANNY GORDILLO ("Gordillo") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Defendants own and operate a cleaning business in Corona, New York.

2. Plaintiffs worked for Defendants as manual laborers / cleaners.

3. Plaintiffs bring this lawsuit seeking to recover unpaid overtime wages and other relief related to their employment with Defendants.

## JURISDICTION AND VENUE

4. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to their employment with Defendants.

5. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

8. Cortes Morales is an adult female currently residing in the State of New York.

9. Papalotzi Cortes is an adult female currently residing in the State of New York.

10. Upon information and belief, MAC Team is a domestic limited liability company duly organized and existing under the laws of the State of New York.

11. Upon information and belief, Cordero is an adult male currently residing in the State of New York.

12. Upon information and belief, Gordillo is an adult female currently residing in the State of New York.

## FACTUAL ALLEGATIONS

**Defendant MAC Team LLC**

13. MAC Team owns and operates a cleaning business that services, among other things, residential apartment buildings in Queens, New York.

14. MAC Team maintains a principal place of business located at 109-17 34th Avenue, Corona, New York 11368.

15. At all relevant times, MAC Team had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiffs.

16. At all relevant times, MAC Team had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiffs.

17. At all times relevant to this Complaint, MAC Team had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiffs' employment.

18. During Plaintiffs' employment, MAC Team maintained control, oversight, and direction over them, including timekeeping, payroll, and other employment practices.

19. At all times relevant to this Complaint, MAC Team was and is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, employed Plaintiffs.

**Defendant Freddy Cordero**

20. At all relevant times, Cordero was an owner, officer, director, member, and/or managing agent of MAC Team.

21. At all relevant times, Cordero owned, operated, and/or controlled MAC Team.

22. At all relevant times, Cordero participated in running the daily operations of MAC Team.

23. At all relevant times, Cordero participated in the management and supervision of Plaintiffs and their work for MAC Team.

24. At all relevant times, Cordero exercised operational control over MAC Team, controlled significant business functions of MAC Team, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of MAC Team in devising, directing,

implementing, and supervising the wage and hour practices and policies relating to its employees, including as those policies applied to Plaintiffs.

25. At all relevant times, Cordero determined the wages and compensation of MAC Team's employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiffs.

26. Cordero participated in the decision to hire Plaintiffs.

27. Cordero participated in the decision to fire Plaintiffs.

28. Cordero participated in deciding Plaintiffs' job duties and responsibilities.

29. Cordero participated in supervising Plaintiffs' job duties and responsibilities.

30. Cordero participated in deciding the manner in which Plaintiffs were paid.

31. Cordero participated in deciding the pay rates Plaintiffs were paid.

32. Cordero participated in deciding the compensation Plaintiffs were paid.

33. Cordero participated in deciding the schedule Plaintiffs worked.

34. Cordero participated in deciding the total number of hours Plaintiffs worked each week.

35. Cordero was responsible for ensuring Plaintiffs were paid properly.

36. As such, at all relevant times, Cordero was an employer within the meaning of the FLSA and the NYLL and jointly employed Plaintiffs along with the other Defendants.

**Defendant Fanny Gordillo**

37. At all relevant times, Gordillo was an owner, officer, director, member, and/or managing agent of MAC Team.

38. At all relevant times, Gordillo owned, operated, and/or controlled MAC Team.

39. At all relevant times, Gordillo participated in running the daily operations of MAC Team.

40. At all relevant times, Gordillo participated in the management and supervision of Plaintiffs and their work for MAC Team.

41. At all relevant times, Gordillo exercised operational control over MAC Team, controlled significant business functions of MAC Team, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of MAC Team in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including as those policies applied to Plaintiffs.

42. At all relevant times, Gordillo determined the wages and compensation of MAC Team's employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiffs.

43. Gordillo participated in the decision to hire Plaintiffs.

44. Gordillo participated in the decision to fire Plaintiffs.

45. Gordillo participated in deciding Plaintiffs' job duties and responsibilities.

46. Gordillo participated in supervising Plaintiffs' job duties and responsibilities.

47. Gordillo participated in deciding the manner in which Plaintiffs were paid.

48. Gordillo participated in deciding the rates Plaintiffs were paid.

49. Gordillo participated in deciding the compensation Plaintiffs were paid.

50. Gordillo participated in deciding the schedule Plaintiffs worked.

51. Gordillo participated in deciding the total number of hours Plaintiffs worked each week.

52. Gordillo was responsible for ensuring Plaintiffs were paid properly.

53. As such, at all relevant times, Gordillo was an employer within the meaning of the FLSA and the NYLL and jointly employed Plaintiffs along with the other Defendants.

**Defendants Constitute Joint Employers**

54. Cordero and Gordillo own, operate, and/or control MAC Team.

55. Cordero and Gordillo possess operational control over MAC Team, possess an ownership interest in MAC Team, and control significant functions of MAC Team.

56. Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employees.

57. Each Defendant possessed substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, referred to herein.

58. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiffs' employment.

59. Defendants jointly employed Plaintiffs and are Plaintiffs' employers within the meaning of the FLSA and the NYLL.

**Plaintiff Yaneli Cortes Morales**

60. At all relevant times, Cortes Morales was an employee of Defendants, as defined by the FLSA and the NYLL.

61. Defendants employed Cortes Morales from on or about September 10, 2023 until on or about May 21, 2024.

62. Defendants employed Cortes Morales as a manual worker for their benefit and at their direction.

63. Cortes Morales' job duties included cleaning, sweeping, and mopping the common areas, cleaning windows, and tending to the garbage and recycling at four (4) residential apartment buildings Defendants' contracted to service.

64. Defendants did not require Cortes Morales to punch in and out of her daily shifts.

65. Defendants did not maintain time records that establish how many hours Cortes Morales worked each shift.

66. From on or about September 10, 2023 until on or about December 23, 2023, Cortes Morales worked seven (7) days per week as follows: Monday, Tuesday, Thursday, Friday, and Saturday from 4:00 p.m. to 11:00 p.m. and Wednesday and Sunday from 6:00 p.m. to 12:00 a.m., without uninterrupted breaks.

67. From on or about September 10, 2023 until on or about December 23, 2023, Cortes Morales worked approximately forty-seven (47) hours each week.

68. From on or about December 24, 2023 until on or about May 21, 2024, Cortes Morales worked seven (7) days per week from 4:00 p.m. to 9:00 p.m. each shift, without uninterrupted breaks.

69. From on or about December 24, 2023 until on or about May 21, 2024, Cortes Morales worked approximately thirty-five (35) hours each week.

70. Defendants paid Cortes Morales a set monthly salary, regardless of the number of hours she worked each week.

71. From on or about September 10, 2023 until on or about December 23, 2023, Defendants paid Cortes Morales $1,100.00 per month.

72. From on or about September 10, 2023 until on or about December 23, 2023, Defendants paid Cortes Morales the hourly rate equivalent of approximately $5.40 per hour, which was less than the FLSA minimum wage and the NYLL minimum wage.

73. From on or about September 10, 2023 until on or about December 23, 2023, Defendants did not pay Plaintiff one-and-one-half times her regular rate of pay for any hours that she worked in excess of forty (40) during any week of this time period.

74. From on or about December 24, 2023 until on or about February 10, 2024, Defendants paid Cortes Morales $1,100.00 per month.

75. However, in December 2023, Defendants agreed to give Cortes Morales a raise to $2,200.00 per month beginning on December 24, 2023 but continued to pay Cortes Morales at the former rate until February 10, 2024.

76. From on or about December 24, 2023 until on or about February 10, 2024, Defendants did not pay Cortes Morales the proper regular rate of pay to which they agreed.

77. From on or about December 24, 2023 until on or about February 10, 2024, Defendants paid Cortes Morales the hourly rate equivalent of approximately $7.25 per hour, which was less than the NYLL minimum wage.

78. From on or about February 11, 2024 until on or about April 10, 2024, Defendants paid Cortes Morales $2,200.00 per month.

79. From on or about February 11, 2024 until on or about April 10, 2024, Defendants paid Cortes Morales the hourly rate equivalent of approximately $14.51 per hour, which was less than the NYLL minimum wage.

80. From on or about April 11, 2024 until on or about May 21, 2024, Defendants did not pay Cortes Morales any wages at all.

81. Defendants failed to provide Cortes Morales with wage notices in accordance with NYLL section 195(1) at any point of her employment.

82. Defendants failed to provide Cortes Morales with complete and accurate paystubs along with her weekly earnings, as required by NYLL § 195(3).

83. Defendants were aware of Cortes Morales' work hours and rates of pay but failed to pay her the proper wages to which she was entitled under the law.

84. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Cortes Morales' rights, and Cortes Morales has been damaged by such failures.

**Plaintiff Gisel Papalotzi Cortes**

85. At all relevant times, Papalotzi Cortes was an employee of Defendants, as defined by the FLSA and the NYLL.

86. Defendants employed Papalotzi Cortes from on or about December 24, 2024 until on or about May 21, 2024.

87. Defendants employed Papalotzi Cortes as a manual laborer for their benefit and at their direction.

88. Papalotzi Cortes' job duties included cleaning, sweeping, and mopping the common areas, cleaning windows, and tending to the garbage and recycling at four (4) residential apartment buildings Defendants' contracted to service.

89. Defendants did not require Papalotzi Cortes to punch in and out of her daily shifts.

90. Defendants did not maintain time records that establish how many hours Papalotzi Cortes worked each shift.

91. Throughout her employment, Papalotzi Cortes worked seven (7) days each week from 4:00 p.m. until 9:00 p.m. each shift, without uninterrupted meal breaks.

92. Throughout her employment, Papalotzi Cortes worked approximately thirty-five (35) hours each week.

93. Defendants never paid Papalotzi Cortes any wages for the work she performed on behalf of Defendants.

94. Throughout her employment, Defendants did not pay Papalotzi Cortes the statutory minimum wage rate for any of the hours that she worked for Defendants.

95. Defendants failed to provide Papalotzi Cortes with wage notices in accordance with NYLL section 195(1).

96. Defendants failed to provide Papalotzi Cortes with complete and accurate paystubs along with her weekly earnings, as required by NYLL § 195(3).

97. Defendants were aware of Papalotzi Cortes' work hours and rates of pay but failed to pay her the proper wages to which she was entitled under the law.

98. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Papalotzi Cortes' rights, and Papalotzi Cortes has been damaged by such failures.

### COUNT I
### ON BEHALF OF CORTES MORALES ONLY
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO COMPENSATE FOR OVERTIME

99. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

100. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

101. Defendants were and are subject to the overtime pay requirements of the FLSA because MAC Team is an enterprise engaged in commerce or in the production of goods for commerce.

102. At all times relevant to this Complaint, MAC Team had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs.

103. Upon information and belief, the gross annual volume of sales made or business done by MAC Team for each applicable year of Plaintiffs' employment was not less than $500,000.00.

104. At all times relevant to this action, Cortes Morales was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

105. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

106. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Cortes Morales overtime compensation as required by the FLSA.

107. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

108. However, none of the Section 13 exemptions apply to Cortes Morales because she did not meet the requirements for coverage under the exemptions during the relevant period of her employment.

109. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

110. Defendants did not act in good faith with respect to the conduct alleged herein.

111. As a result of Defendants' violations of the FLSA, Cortes Morales incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## ON BEHALF OF CORTES MORALES ONLY
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

112. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

113. At all times relevant to this Action, Cortes Morales was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

114. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. § 142-2.2.

115. By the above-alleged conduct, Defendants failed to pay Cortes Morales overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

116. By the above-alleged conduct, Defendants failed to pay Cortes Morales overtime compensation for the time periods in which she worked in excess of forty (40) hours a week for

Defendants.

117. Cortes Morales was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of her employment, because she did not meet the requirements for any of the reduced number of exemptions available under New York law.

118. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

119. Defendants did not act in good faith with respect to the conduct alleged herein.

120. As a result of Defendants' violations of the NYLL, Cortes Morales incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO PAY MINIMUM WAGES

121. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

122. As set forth herein, Defendants routinely and regularly failed to pay Plaintiffs the applicable minimum wage, in violation of 29 U.S.C. §206(a).

123. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

124. Defendants have not acted in good faith with respect to the conduct alleged herein.

125. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

126. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

127. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

128. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

129. As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages.

130. As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT V
## ON BEHALF OF CORTES MORALES ONLY
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY REGULAR WAGES

131. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

132. As alleged above, Defendants suffered and permitted Cortes Morales to work numerous hours without paying her the wages to which he was and is entitled.

133. Defendants' failure to pay Cortes Morales the wages that she earned constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Cortes Morales' rights.

134. Defendants have acted willfully and either knew that their conduct violated the NYLL or have shown reckless disregard for the matter of whether their conduct violated the NYLL.

135. Defendants have not acted in good faith with respect to the conduct alleged herein.

136. As a result of Defendants' unlawful practices, Cortes Morales has suffered a loss of wages.

137. As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Cortes Morales has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

138. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

139. Defendants willfully failed to furnish Plaintiffs with wage notices during their employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiffs as their primary language, which were to contain, among other things, Plaintiffs' rate or rates of pay and basis thereof; the regular pay day designated by Defendant as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiffs' regular hourly rates of pay and overtime rates of pay.

140. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

141. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VII
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

142. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

143. Defendants willfully failed to provide Plaintiffs with complete, accurate, and written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

144. Through their knowing and intentional failure to provide Plaintiffs with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

145. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, by and through their attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiffs for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

    A.    Declare and find that Defendants committed one or more of the following acts:

        1.    Willfully violated the provisions of the FLSA by failing to pay Cortes Morales overtime compensation and regular wages;

        2.    Willfully violated the provisions of the FLSA by failing to pay Plaintiffs minimum wages;

        3.    Willfully violated the provisions of the NYLL by failing to pay Cortes Morales overtime compensation and regular wages;

        4.    Willfully violated the provisions of the NYLL by failing to pay Plaintiffs minimum wages;

        5.    Willfully violated the provisions of the NYLL by failing to provide Plaintiffs with accurate wage notices and wage statements;

    B.    Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

    C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

    D.    Award statutory damages under the NYLL;

    E.    Award interest on all NYLL unpaid wages due accruing from the date such amounts were due;

    F.    Award all costs and attorneys' fees incurred in prosecuting this action; and

    G.    Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance

of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
July 19, 2024

The NHG Law Group, P.C.

By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com